IN THE SUPERIOR COURT
OF GUAM

ZANDER REFILONG and LUNITA
REFILONG,

              Plaintiffs,

      vs.

JOHN MANALOTO, OLIVIA
MANALOTO, DONGBU INSURANCE
COMPANY, LTD., and DOE
DEFENDANTS 1-10,

              Defendants

Case no. CV1662-02

**DECISION AND ORDER**

This matter was taken under advisement by the Honorable Judge Michael J. Bordallo on August 1, 2013. Defendants were represented by attorney Jehan'ad G. Martinez. Plaintiffs were represented by attorney Wayson W.S. Wong. Having received and reviewed the arguments, papers, and file herein, the Court now issues the following order GRANTING in part Plaintiffs' request for entry of judgment.

## BACKGROUND

The instant matter arises out of a civil complaint filed by the Plaintiff on November 8, 2002 for the Plaintiffs' car accident injuries. After a bench trial on the merits the Court on September 1, 2006 entered its Findings of Fact and Conclusions of Law wherein it made the legal conclusion that a specific amount of Plaintiffs' medical expenses were reasonable and necessary and that Plaintiffs were entitled to be reimbursed for their pain and suffering as follows:

Plaintiff Mr. Refilong:

1. $1,085.00 in medical expenses for Dr. Klosinki's services;
2. $2,633.28 in medical expenses for Dr. Miller's services; and

3. $11,000.00 in pain and suffering;

Plaintiff Mrs. Refilong:

1. $1,464.00 in medical expenses for Dr. Klosinski's services;
2. $3,636.27 in medical expenses for Dr. Miller's services;
3. $6,000.00 in pain and suffering.

In total the Court found that the Plaintiffs were entitled to a judgment of $25,818.55.

On June 12, 2013, Plaintiffs filed a paper entitled, Plaintiffs' Motion for Entry of Judgment. In their papers Plaintiffs request that the Court enter a judgment for $41,010.82. In support of their request Plaintiffs argue that they are in addition to the $25,818.55 award entitled to: 1) litigation costs of $1,876.61; 2) post award interest of $10,585.60; and 3) prejudgment interest awards on the medical expenses from the date they were incurred of $2,730.96.

Defendants filed their opposition on July 2, 2013. In it they argue that Plaintiffs' approximate 6-year delay to request entry of judgment on the Court's September 1, 2006 findings and conclusions: has prejudiced them; warrants reason to deny any award of prejudgment interest; is evidence of bad faith; and merits the entry of an order dismissing this case for failure to prosecute. Furthermore they assert that the reasons for delay have been an unjustified attempt to obtain more money from the Defendants.

On July 24, 2013, Plaintiffs filed their reply. In it Plaintiffs point out that Defendants have not objected to their request for costs. They also admit asking Defendants for more based on what they saw were certain shortcomings in the award and argue that this request was not extortion but merely a part of post-trial settlement negotiations. In rebuttal to Defendants' arguments Plaintiffs argue that:

1. Defendants have been equally dilatory in not requesting the entry of judgment and have thereby in essence waived any arguments of prejudice; that they are statutorily entitled to post award interest;

2. The laws regulating failure to prosecute only apply to pre-award matters; and

3. Pursuant to Rule 58 it is the Court Clerk's responsibility, not the Plaintiffs, to prepare, sign, and enter the judgment.

## DISCUSSION

Rule 58 of the Guam Rules of Civil Procedure regulates the entry of judgments. Guam R. Civ. P. 58. On its face Rule 58 first requires that every judgment must be set forth on a separate document. *Id.* at 58(a)(1).[1] Whether or not a judgment has been entered, Subpart 58(b) provides that it shall be entered after 150 days if there has been an entry in the civil docket of that judgment under Rule 79(a). *Id.* at (b). In this case there is no indication that these requirements have been met.

Plaintiffs request that the Court include in a judgment the interest that has accrued since the entry of its findings and conclusions. Mot. at 3. In support of this request they cite to Sections 2111, and 2110 of Title 20 and Section 47106 of Title 18 of the Guam code. These sections provide,

§ 2111. In Actions, not in Contract.

In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given.

§ 2110. Persons Entitled to Damages Also Entitled to Interest.

Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him, upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

---

[1] Subpart 58(a)(2) mandates that in those instances where there are multiple claims and parties that the court clerk, "must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: (i) the jury returns a general verdict, (ii) the court awards only costs or a sum certain, or (iii) the court denies all relief." However this case is does fall with the requirements set forth by Rule 54(b) and 58(a)(2). Contrary to Plaintiff's argument the clerk of court was thereby relieved from duty of preparing a judgment. Pl.s' Reply at 7.

§ 47106. Legal Rate of Interest.

> The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the territory, shall be six percent (6%) per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding the rates of interest specified in Title 14 of this Code.

20 GCA §§ 2110; 18 GCA § 47106. In this case the Court concluded that Defendants had conceded Mr. Manaloto's liability for causing the automobile collision on November 9, 2000: that he had duty to act in a manner that would not place others in an unreasonable risk of harm; and that duty was breached. Findings and Conclusions at 9. It further concluded that the injuries that Plaintiffs suffered as a direct result of the action of Defendant should have been self-limiting from several weeks to a few months. *Id*. at 11. These conclusions allow Plaintiffs to fall within the scope of Section 2111 and allow for the Court to determine that they may be entitled to an award of interest. 20 GCA § 2111.

Section 2110 mandates that once a party is entitled to damages certain it is also entitled to recover interest upon those damages from the day they are capable of being made certain. 20 GCA §2110. In this case it undisputed that the dates that Plaintiffs' medical damages were made certain were at a minimum the last date that the expenses were incurred.[2] Applying this Section to various facts the Guam Supreme Court has allowed for the collection of pre-judgment interest on amounts capable of being made certain prior to judgment. *Yoshida v. Guam Transport And Warehouse, Inc.*, 2013 Guam 5, 79; *Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12, 64 (Title 20 GCA § 2110 authorizes the award of prejudgment interest under specific circumstances).

---

[2] Plaintiffs assert that the following dates were the last billing dates for each Doctor: August 16, 2001 for Dr. Miller and March 15, 2001 for Dr. Klosinski.

However, although it may argued that the entry of a court's findings of fact and conclusions of law which indicate party's entitlement to other damages, such as pain and suffering, have made those damages certain and are therefore also interest accruable, this argument has, to the Court's knowledge, never been affirmed. The reasons for this are several and varied. First it acts to shift the initial and equitably rationalized burden of bearing the cost for the preparation of a judgment from the prevailing party. Second, it allows for parties to supplant the limitation period placed upon collection of judgments; allowing a creditor to wait to collect upon a judgment while still accruing interest. It also may supplant the deadlines associated with an appeal. Lastly it undermines judicial economy and the efficient use of a public resource. Courts are not investment or billing entities designed to allow a parties to attempt to negotiate better terms while allowing for the accrual of interest upon the initial collectable amount.[3]

Salient to an analysis of the Plaintiffs' argument is the lack of any authority mandating the accrual of interest upon amounts that a court's findings of fact and conclusions of law determine a party is entitled to receive. At most the accrual of interest on these amounts fall with the discretion allowed by 20 GCA § 2111 and applied to pre-judgment amounts. GCA §§ 2110; 2111. It is important to note that on its face Section 47106 of Title 18 does not list or mandate the accrual of interest upon a court's findings and conclusions or order, but upon: a judgment, loan or forbearance, goods or things in action, or on accounts after demand. 18 GCA § 47106.

Also salient to an analysis of these facts is the discretion an authority given to the Court

---

[3] The amounts indicated in a Court's findings at times may include a total amount until entry judgment As indicated by the Plaintiff's requests for costs and the application of rule 54 of the

by rule 41(b). Guam R. Civ. P. 41(b). This Rule provides,

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

*Id.* For the reasons indicated above the Court finds that inherent in the duty to prosecute is a prevailing party's obligation to ensure the timely entry of judgment.

## CONCLUSION

For the reasons set forth above Plaintiffs' request for entry of judgment is granted in part. Plaintiffs shall within the next 30 days, after allowing Defendant 7 days to approve as to form the proposed judgment, submit a proposed judgment, awarding Plaintiffs the right to collect and ordering the Defendants to immediately pay the following amounts:

To Plaintiffs:

1. $1,876.61 in costs;

To Plaintiff Mr. Refilong:

1. $1,085.00 in medical expenses for Dr. Klosinki's services, including a prejudgment interest award of 6 years or $390.60;
2. $2,633.28 in medical expenses for Dr. Miller's services, including a prejudgment interest award of 6 years or $947.98; and
3. $11,000.00 in pain and suffering;

Plaintiff Mrs. Refilong:

1. $1,464.00 in medical expenses for Dr. Klosinski's services, including a prejudgment interest award of 6 years or $527.04;
2. $3,636.27 in medical expenses for Dr. Miller's services, including a prejudgment interest award of 6 years or $1,309.06;
3. $6,000.00 in pain and suffering.

---

Guam Rules of Civil procedure, award amounts ordered in a court's findings of fact and conclusions of law may be adjusted to include costs and attorney fees. Guam R. Civ. P. 54

The order will further require that post judgment interest accrue on the amounts indicated above or $30,869.84 at the Guam statutory rate *nunc pro tunc* as of June 12, 2013.

SO ORDERED, this ___17th___ day of ___Sept___ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SEP 1 7 2013